**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIMBERLY E. GAVIN,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 24-3268 (JEB)** |
| **NORDSTROM, INC.,** | |
| **Defendant/Third-Party Plaintiff,** | |
| **v.** | |
| **SHAWMUT WOODWORKING & SUPPLY, INC. and FATHER & SON ENTRY SYSTEMS, INC.,** | |
| **Third-Party Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly Gavin brought suit against Nordstrom, Inc., for negligence after a mirror fell on her in a Nordstrom women's changing room. See ECF No. 14 (Am. Compl.), ¶¶ 9, 23–31. Now, in the midst of discovery, Gavin has filed a Motion to Compel documents from Nordstrom, specifically a report created by an employee after the incident occurred. See ECF No. 36 (Mot.) at 6. Nordstrom has responded that the report sought by Plaintiff is protected by the work-product doctrine because it was prepared in anticipation of litigation. See ECF No. 38 (Opp.) at 2. The Court finds that the report is not protected work product and so will grant Plaintiff's Motion.

**I.      Legal Standard**

Federal Rule of Civil Procedure 37 entitles parties to "move for an order compelling an answer [or] production" if, among other things, "a party fails to answer an interrogatory

1

submitted under Rule 33" or "fails to produce documents . . . requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Both interrogatories under Rule 33 and document requests under Rule 34 "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2); see also Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b) . . . ."). Rule 26(b)(1), in turn, sets the "scope of discovery . . . as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The party seeking to withhold a document — here, Nordstrom — bears the burden of showing that a privilege applies. United States v. ISS Marine Servs., Inc., 905 F. Supp. 2d 121, 134 (D.D.C. 2012).

## II.     Analysis

Rule 26 codifies what is known as the work-product privilege, under which, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . by or for another party or its representative (including the other party's attorney, consultant, . . . or agent)." Fed. R. Civ. P. 26(b)(3)(A). To determine whether a document was "prepared in anticipation of litigation," courts in this Circuit "apply the 'because of' test, asking whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." United States v. Deloitte LLP, 610 F.3d 129, 137 (D.C. Cir. 2010) (emphasis added) (quotation marks omitted). "Where a document would have been created 'in substantially similar form' regardless of the litigation," it fails that test, meaning that "work product protection is not available." FTC v. Boehringer Ingelheim Pharms., Inc., 778 F.3d 142, 149 (D.C. Cir. 2015) (quoting Deloitte, 610 F.3d at 138); see also Banneker Ventures, LLC v. Graham, 253 F. Supp. 3d 64, 72 (D.D.C. 2017) ("Documents that would have been created in the ordinary course

of business irrespective of litigation are not protected by the work-product doctrine.") (cleaned up); United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998) ("If the district court concludes that substantially the same [document] would have been prepared in any event — as part of the ordinary course of business . . .  — then the court should conclude [it] was not prepared because of . . . litigation . . . .").

Having reviewed the incident report *in camera*, the Court concludes that Nordstrom has not met its burden to show that the report "would [not] have been created in the ordinary course of business irrespective of litigation." Banneker Ventures, 253 F. Supp. 3d at 72 (quotation marks omitted).  For many organizations, discovering the "cause, nature, and effect" of incidents are ordinary aspects of business, regardless of the prospect of litigation.  Wengui v. Clark Hill, PLC, 338 F.R.D. 7, 10 (D.D.C. 2021) (granting motion to compel consulting firm's report summarizing findings of investigation into data breach).  Nordstrom might have created this report, for instance, to keep its customers safe by fixing ongoing issues on the premises.  The report — filled in on a standard company template — briefly summarizes the incident and states where it was relayed within Nordstrom.  A document that is merely "bare[ ]bones" and "contains only the basic factual information required by the form" suggests that "it was prepared in a routine, ordinary fashion pursuant to [the business's] policy."  Patel v. Safeway, Inc., 2020 WL 13615155, at *2 (D.D.C. Jan. 9, 2020).  "A more or less routine investigation of a possibly resistible claim is not sufficient to immunize an investigation developed in the ordinary course of business."  ISS Marine Servs., Inc., 905 F. Supp. 2d at 137–38 (quoting Janicker ex rel. Janicker v. George Washington Univ., 94 F.R.D. 648, 650 (D.D.C. 1982)).

Defendant claims that the incident report is protected work product because the company "anticipated that Plaintiff might proceed with a claim against Nordstrom following the incident"

and because "it was sent directly to Nordstrom's in house legal team following its completion." Opp. at 4. Neither assertion suffices for Defendant to meet its burden. The mere "fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product." Janicker, 94 F.R.D. at 650. As discussed, the report has the characteristics of a document created in the ordinary course of business. In addition, while the Nordstrom manager may have sent the incident report directly to its in-house legal team following its completion, see Opp. at 4, it was not "at the direction of counsel." Janicker, 94 F.R.D. at 651. When an internal investigation was conducted with "minimal attorney involvement," that weighs against work-product privilege. ISS Marine Servs., Inc., 905 F. Supp. 2d at 138. The creation of the incident report was not supervised by an attorney in a meaningful enough sense to allow the work-product doctrine to apply. Id. (finding no work-product privilege where investigation was undertaken almost entirely by non-attorney and supervision by attorney "was so minimal and superficial that it bordered on being non-existent.").

### III. Conclusion

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Compel is GRANTED, and Nordstrom shall produce the report to Gavin by April 6, 2026.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 1, 2026